■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALPHONSE RESCIGNO, Respondent. [707 NYS2d 896] —Appeal by the People from an order of the Supreme Court, Queens County (LeVine, J.), dated September 14, 1998, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered March 27, 1992, convicting him of grand larceny in the third degree, burglary in the third degree, unauthorized use of a vehicle in the first degree, criminal mischief in the second degree (two counts), and conspiracy in the fourth degree.

Ordered that the order is reversed, on the law, the motion is denied, and the judgment is reinstated.

The Supreme Court applied a per se reversible error standard to the *Rosario* claim (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) raised in the defendant's motion pursuant to CPL 440.10 because the motion was filed before his direct appeal had been concluded. However, in *People v Machado* (90 NY2d 187), the Court of Appeals held that a defendant seeking to vacate a judgment on *Rosario* grounds, either before or after the direct appeal was concluded, had to demonstrate that nondisclosure of the subject material was prejudicial (*see, People v Jackson,* 78 NY2d 638). Applying that standard, we conclude that there was no reasonable possibility that the failure to turn over the subject *Rosario* material contributed to the verdict against the defendant (*see, People v Tellier,* 272 AD2d 347 [decided herewith]).

Furthermore, the remaining grounds raised in the defendant's motion do not warrant vacatur of his conviction (*see, People v Tellier, supra*). O'Brien, J. P., Florio and H. Miller, JJ., concur.

Friedmann, J., dissents and votes to affirm the order appealed from in the following memorandum: I respectfully dissent. In my opinion, the Supreme Court properly granted the defendant's motion pursuant to CPL 440.10 based on the defendant's *Rosario* claim (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), and therefore, I would affirm the order. In the instant case, the defendant established that the People's failure to turn over certain *Rosario* material was prejudicial, i.e., that there was "a 'reasonable possibility' that the nondisclosure materially contributed to the verdict" (*People v Machado,* 90 NY2d 187, 193). Moreover, the People violated

their obligation to disclose certain exculpatory evidence to the defendant (*see, People v Novoa,* 70 NY2d 490; *People v Cwikla,* 46 NY2d 434), and it is reasonably possible that the result of the trial would have been different had the information been disclosed (*see, People v Vilardi,* 76 NY2d 67, 77).